[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on September 25, 1987, at East Haven, Connecticut.
All jurisdictional requirements have been met.
The parties have one minor child issue of the marriage: Danielle Piccolo, born December 15, 1988. The defendant is currently pregnant with the second child of the parties.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
The court has considered the statutory criteria contained in Conn. Gen. Stats. 46b-56, 46b-81, 46b-82 and 46b-84. While the case raises the question of whether a pre-marital agreement remains valid if its terms might adversely affect the children of the parties, the Court's orders, entered here, make it unnecessary to address the question.
1. The parties, as they have agreed, shall have joint custody of the minor child whose primary physical residence shall be with the defendant. The plaintiff shall have reasonable visitation which shall include Tuesday and Thursday mornings from 10:30 to 1:30, Saturdays from 6:00 p.m. to Sunday at 5:00 p.m., alternating major holidays and reasonable vacation periods. The plaintiff shall be prompt in pick-ups and drop-offs and shall call if delayed. The defendant is not obligated to wait longer than 30 minutes past the start of a visitation.
2. The plaintiff shall pay as unallocated alimony and child support, $300.00 per week, until the death of either party, the defendant's remarriage, further order of the Court or 8 years from the date of judgment. This order is effective July 1, 1991.
3. The property at 8 Hickory Hill Lane, Branford, is awarded to the plaintiff.
4. The plaintiff shall have exclusive use and occupancy of the property commencing July 1, 1991.
5. Until July 1, 1991 the defendant shall have exclusive use of the 8 Hickory Hill Lane.
6. Until July 1, the plaintiff shall pay the mortgages on the home; and as child support, the utilities; and as alimony, $100.00 per week. The alimony shall terminate upon the death of either party or the defendant's remarriage.
7. The plaintiff may list the home for sale and the CT Page 3743 defendant shall cooperate in the showing of the home. If the house is sold, no occupancy date earlier than July 1, 1991 shall be part of a contract for sale.
8. The plaintiff shall maintain medical insurance for the benefit of the minor children as available through his employment. Each party shall pay one-half of all uninsured medical and dental expenses incurred on behalf of the minor children. This order is subject to Conn. Gen. Stat. 46b-84 (c).
9. The plaintiff shall cooperate in making medical benefits available to the defendant through his employment. The defendant shall pay for the same.
10. The plaintiff shall pay the defendant $4,000.00 on or before July 1, 1992.
11. The 1988 Oldsmobile shall be transferred to the defendant who shall be responsible for the debt thereon, and hold the plaintiff harmless thereon.
12. The issue of personal property division is referred to the Family Relations Office and the Court retains jurisdiction on the same.
13. Each party shall be responsible for their own counsel fees.
14. The financial order effective July 1, 1991 is subject to immediate wage withholding.
Elaine Gordon, Judge